UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TABU LEE WRIGHT,

                    Plaintiff,                          Case No. 1:26-cv-111

v.                                                      Honorable Paul L. Maloney

B. SMITH et al.,

                    Defendants.
_____/

**<u>OPINION</u>**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff

filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from

proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in*

*forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before

his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for

failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious

physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not

paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis.*[1] Accordingly, for the reasons set forth below, this action will be dismissed without

prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.   The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas

**I.**    **Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Wright v. MDOC et al.*, 2:00-cv-23 (W.D. Mich. Aug. 4, 2000); *Wright v. Bouchard et al.*, 2:97-cv-244 (W.D. Mich. Jan. 13, 1998); *Wright v. Brenneman et al.*, 1:97-cv-221 (W.D. Mich. Apr. 14, 1997). Additionally, Plaintiff was denied *in forma pauperis* status under the three-strikes rule in *Wright v. Woods et al.*, 2:12-cv-152 (W.D. Mich. June 1, 2012) and *Brown v. Ryder et al.*, 2:21-cv-12618 (E.D. Mich. Dec. 17, 2021) (dismissing claims by Plaintiff and denying *in forma pauperis* status based on three-strikes provision). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.

As explained below, in this action, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). As explained below, Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury. In his complaint, Plaintiff alleges that staff at Earnest C. Brooks Correctional Facility denied him a writing utensil for the ten-month period following March 2025. (*See* Compl., ECF No. 1, PageID.2.) Plaintiff was "on indigent status" for the ten-month duration, could not purchase a writing utensil, and alleges that the denial of a writing utensil prevented him from accessing the courts. (*Id*., PageID.3.) Plaintiff claims that on an unspecified date, Defendant Bruwer denied him a writing utensil (*id*.,) and in November 2025, Defendant Boykins denied Plaintiff a writing utensil as "punishment" because other prisoners misuse the writing utensils to smoke K-2. (*Id*., PageID.6, 9.) Plaintiff claims that on at least two occasions, Plaintiff "submitted" the issue to Defendant Warden Smith.

3

(*Id*., PageID.7.) Plaintiff further alleges he was denied an institutional job to purchase his own writing utensils, in violation of his equal protection and due process rights. (*Id*., PageID.4–5, 9–10.)

Plaintiff's allegations fail to warrant an exception to the three-strikes rule. As an initial matter, Plaintiff complains of events that occurred in the ten months following March 2025. (*Id*., PageID.2–3.) Allegations concerning past events are insufficient to invoke an exception to the PLRA's three-strikes rule. *Rittner v. Kinder*, 290 F. App'x 796, 797–798 (6th Cir. 2008). Plaintiff provides no factual allegations to indicate that the denial of a writing utensil or institutional job is ongoing and, regardless, Plaintiff does not allege that he was in imminent danger of serious *physical* injury at the time his complaint was filed. *See id*. at 797. Although Plaintiff's complaint avers that his constitutional rights were infringed upon by the denial of a writing utensil and an institutional job, a constitutional injury is not an ongoing physical injury, and does not constitute an exception to the three-strikes rule.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## II.     Motion to Add Liable Defendants

Plaintiff has filed a motion to add liable defendants, requesting to add at least two additional Defendants who failed to provide him with a "writing utensil" at St. Louis Correctional Facility.

(ECF No. 6.) As set forth in this opinion, the Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Accordingly, the Court will dismiss Plaintiff's motion to add liable defendants as moot.

### Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis* and dismiss Plaintiff's motion to add liable defendants (ECF No. 6) as moot. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   August 7, 2026                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

5